*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0107p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                    *Plaintiff-Appellee,*

      *v.*

JOSEPH A. CAREY,

                    *Defendant-Appellant.*

No. 09-3399

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 03-00446-001—Dan A. Polster, District Judge.

Argued: March 11, 2010

Decided and Filed: April 19, 2010

Before: MARTIN and GIBBONS, Circuit Judges; MARBLEY, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** William L. Tabac, LAW OFFICE, Parkman, Ohio, for Appellant. Bernard A. Smith, ASSISTANT UNITED STATES ATTORNEY, Akron, Ohio, for Appellee. **ON BRIEF:** William L. Tabac, LAW OFFICE, Parkman, Ohio, for Appellant. Bernard A. Smith, ASSISTANT UNITED STATES ATTORNEY, Akron, Ohio, for Appellee.

_____

**OPINION**

_____

    MARBLEY, District Judge. Defendant-Appellant Joseph Carey ("Carey") appeals the decision of the district court to deny his "Petition for Order of Expunction of a Conviction" (construed by the district court as a Motion for Expungement). Carey concedes that the Supreme Court, in *District of Columbia v. Heller*, 128 S. Ct. 2783

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

(2008), specifically upheld firearm prohibitions for felons. Carey further concedes that his request is to expunge a valid conviction and that this Court has previously indicated that there must be compelling and extraordinary circumstances for a Court to grant such a motion. For the following reasons, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

On November 24, 2003, Carey was charged with one count of conducting an illegal gambling business in violation of 18 U.S.C. § 1955. On December 12, 2003, Carey entered a guilty plea to the Information pursuant to a plea agreement. The plea agreement contained a waiver of any appellate and collateral attack rights as to his conviction or sentence, and the district judge included the waiver and its consequences in his colloquy with Carey. The district judge sentenced Carey to one year of probation, a $10,000 fine, and a $100 special assessment. Carey has not appealed his conviction, takes full responsibility for the underlying offense, and has since conformed his conduct to the law. On March 18, 2009, Carey moved the district court for an order to expunge his conviction. Two days later, and prior to the government's response, the district court denied his motion on the grounds that "[t]here is no federal provision for expungement of a valid conviction." *United States v. Carey*, No. 1:03-cr-00446 (N.D. Ohio Mar. 20, 2009) (Polster, J.). Carey timely filed this appeal.

## II. JURISDICTION

The district court had subject matter jurisdiction under 28 U.S.C. § 1331 because Carey raised constitutional claims in support of his Motion for Expungement. This Court has jurisdiction under 28 U.S.C. § 1291 to review the final decision of the district court on Carey's motion for expungement.

### III. ANALYSIS

### A. Waiver of Collateral Attack

### 1. Standard of Review

This Court reviews the question of whether a defendant waived his rights in a valid plea agreement *de novo*. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). The district court did not rule on the plea agreement, as it dismissed the motion for expungement solely on the merits.

### 2. Expungement as a Collateral Attack

The United States argues that Carey's appeal should be denied because his motion for expungement is equivalent to a collateral attack of his conviction, and that he waived his right to any collateral attacks in his plea agreement. The government relies solely on *United States v. Crowell*, 374 F.3d 790 (9th Cir. 2004), to support its argument that a motion for expungement of a conviction is a collateral attack of a conviction. In *Crowell*, however, the Ninth Circuit held that an "expungement, without more, does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty." *Id*. at 792. The court went on to find that, in the particular case before it, the defendant was attempting to use "her motion for expungement as a post-conviction vehicle to challenge collaterally the lawfulness of her conviction," and was actually asking the court to vacate her conviction, resulting in the court treating her motion as a collateral attack *instead* of an expungement. *Id.* at 794. In this case, Carey is not attempting to use his motion for expungement as a post-conviction vehicle, and, in fact, he readily admits the legality of his conviction.

This Court has not previously ruled on whether a motion for expungement is considered a collateral attack on a conviction. The case *sub judice*, however, does not appear to be a case in which the defendant is attempting to find a back door into the court despite having agreed to a waiver. In asking for expungement, Carey does not ask for relief from punishment or to reverse the prosecution against him. *Cf. United States v.*

*Fotouhi*, No. 02-cr-38, 2002 U.S. Dist. LEXIS 14601, at \*19 (W.D. Wisc. 2002) (finding that district court has jurisdiction to expunge valid conviction).  This Court, therefore, agrees with the reasoning of *Crowell* and finds that a motion for expungement, which is not brought as an attempt to couch a challenge to a conviction, is not considered a collateral attack on that conviction.  Accordingly, Carey's motion for expungement was not waived by his plea agreement.

## B. Carey's Fifth Amendment Rights

### 1. Standard of Review

An order on a motion to expunge a conviction is within the equitable jurisdiction of a federal district court.  This Court reviews such an order for abuse of discretion. *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977).

### 2. Substantive  Due Process & Equal Protection

Carey argues that the Second Amendment to the United States Constitution gives him a fundamental right to possess or carry a firearm, and that the denial of his expungement motion for his valid conviction[1] denied him this fundamental right, resulting in a violation of his Equal Protection and Due Process rights under the Fifth Amendment.  Essentially, Carey contends that, because expungement of his conviction

---

[1]Carey devotes a section of his brief to arguing that Congress, through its passage of the Federal Gun Control Act, 18 U.S.C. § 921, et. seq., "intended that its expungement remedy should extend to valid convictions like his [Carey's]."  Appellant's Br. at 7 (citing 18 U.S.C. § 921(a)(20)).  Carey is correct in his assertion that 18 U.S.C. § 921(a)(20) does not preclude expungements of valid convictions, as it provides that:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.  Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

Carey is incorrect, however, that this section, or any other section of the statute, creates "an expungement remedy."  Section 921(a)(20) does nothing more than to exempt felons with expunged convictions, valid or not, from the prohibitions on the possession of firearms by felons as outlined in 18 U.S.C. § 922(g)(1). No provision in the Federal Gun Control Act, offers guidelines or procedures for whether or when expungement may be appropriate.

would allow him to regain his Second Amendment rights, a court's denial of expungement infringes upon his fundamental right.

In *Heller*, the Supreme Court held that the Second Amendment provides an individual right to bear arms, but cautioned:

> [a]lthough we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

128 S. Ct. at 2816-17 (emphasis added). After *Heller*, this Court affirmed that prohibitions on felon possession of firearms do not violate the Second Amendment. *United States v. Frazier*, 314 F. App'x 801 (6th Cir. Nov. 19, 2008). In short, *Heller* states that the Second Amendment right is not unlimited, and, in fact, it is specifically *limited* in the case of felon prohibitions. *Heller*, 128 S. Ct. at 2816-17. Because Congress's prohibition on felon possession of firearms is constitutional, it follows that the burdens associated with the congressionally-created expungement exception in 18 U.S.C. § 921(a)(20) do not violate the Second Amendment.[2] Accordingly, the district court did not abuse its discretion in denying Carey's motion for expungement.

### C. District Court Abuse of Discretion

### 1. Standard of Review

An order on a motion to expunge a conviction is within the equitable jurisdiction of a federal district court. This Court reviews such an order for abuse of discretion. *Doe*, 556 F.2d at 393.

---

[2]Carey styles his claim as a general Due Process or Equal Protection argument. He appears to conflate the enumerated Second Amendment right with Equal Protection and Due Process protections under the Fifth Amendment, without specifying the legal theory under which Equal Protection and Due Process are implicated.

## 2. Law and Analysis

Carey argues that the district court abused its discretion in denying his motion for expungement without providing him with a hearing on the motion. Carey does not point to, nor has this Court found, any statutory or constitutional authority that requires a hearing on a motion for expungement. Carey does not allege, nor does he have, a Fourteenth Amendment procedural due process claim. *Cf. Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (deprivation of life, liberty, or property will not be effectuated with notice and an opportunity for a hearing). Accordingly, the district court did not abuse its discretion in denying Carey a hearing on his motion or in denying Carey's motion for expungement.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of expungement.