ALICE M. BATCHELDER, Chief Circuit Judge,
dissenting.
If we were writing on a clean slate, I would join the portion of the majority opinion that explains why we do not have subject matter jurisdiction here. But we are not writing on a clean slate, and I am therefore compelled to write separately because I believe that we are bound by United States v. Carey, 602 F.3d 738 (6th Cir. 2010). Accordingly, I must respectfully dissent.
Sixth Circuit Rule 206(c) is unequivocal: “Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court.” 6 Cir. R. 206(c) (adopted 1998; rules last updated Dec. 1, 2009). Carey is a published opinion of a previous panel and, consequently, we as a subsequent three-judge panel may not overrule it.
The majority contends — in a most persuasive opinion — that we must overrule Carey because it is inconsistent with Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). But as the majority also makes evident, Carey is almost exactly on point with the present case, whereas neither Carey nor the present case is exactly on point with Kokkonen. It is therefore necessary to extend Kokkonen (albeit reasonably, I agree) to cover the expungement issue raised here. But, more importantly, Kokkonen is not intervening. Kokkonen was decided in 1994, some 16 years before Carey. The four Circuits that applied Kokkonen to this ex-pungement issue did so three, four, nine, and ten years before Carey. See United States v. Coloian, 480 F.3d 47 (1st Cir. 2007); United States v. Meyer, 439 F.3d 855 (8th Cir.2006); United States v. Dunegan, 251 F.3d 477 (3d Cir.2001); United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000). Thus, Kokkonen’s rule and its application to the present issue were well established at the time Carey issued.
The majority explains the Carey panel’s failure to cite, follow, or reconcile Kokkonen as little more than an oversight, inasmuch as neither Carey nor the Government raised the issue in their briefs to this court. But I cannot agree that subject matter jurisdiction is an issue that “merely lurk[s] in the record, neither brought to the attention of the court nor ruled upon.” Quite the contrary, subject matter jurisdiction is unique — federal courts are courts of limited jurisdiction and we must inquire into our subject matter jurisdiction sua sponte if the parties have not raised it. See Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (“The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.” (quotation and editorial marks omitted)); Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); Mickler v. Nimishillen & Tuscarawas R.R., 13 F.3d 184, 189 (6th Cir.1993) (“Although neither party raised this issue on appeal, this Court must raise the matter sua sponte because it goes to the issue of subject-matter jurisdiction.”). Nor can I agree that the Supreme Court’s approach to “drive-by jurisdictional rulings” serves to overcome Sixth Circuit Rule 206(c). The Supreme Court is not bound by Sixth Circuit Rule 206(c), of course, nor does it have any similar, self-governing rule inasmuch as the Supreme Court always sits en banc and never as a three- *879 judge panel. Our station as a panel is not equal to that of the Supreme Court.
I believe that our decision in Carey is wrong. Nonetheless, I believe that the governing law of this Circuit, namely Sixth Circuit Rule 206(c), requires us to adhere to the published opinion in Carey and hold that — until such time as we can consider this issue en banc or the Supreme Court speaks again to this issue — we have equitable jurisdiction to decide a motion to expunge. Because, based on the present record, I cannot conclude that the district court abused its discretion by denying the motion, I would affirm the district court on the merits.