NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0449n.06

No. 08-4258

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 06, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| LAWRENCE ALLEN FASSLER, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE:    KENNEDY, SILER, and McKEAGUE, Circuit Judges.

**McKeague, Circuit Judge.**  Lawrence Allen Fassler pled guilty to four counts of a 63-count

indictment and was sentenced to 135 months' imprisonment and $8,000 in fines.  Fassler's counsel

filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), suggesting that there are no

meritorious issues for appeal, but nonetheless raising a possible claim regarding the district court's

imposition of fines in light of the statement in Fassler's presentence report that it appeared Fassler

could not afford to pay any fines.  For the reasons that follow, we conclude that Fassler validly

waived his appellate rights in his plea agreement, and we DISMISS Fassler's appeal.

**I.  BACKGROUND**

Fassler was charged with the following counts in a 63-count indictment: (1) Count 1 -

conspiracy to possess with intent to distribute and distribution of 100 kilograms or more of

marijuana, in violation of 21 U.S.C. §§ 841 and 846; (2) Counts 52–55 - travel in interstate

commerce with the intent to facilitate distribution of marijuana, in violation of 18 U.S.C. § 1952; (3) Counts 60–61 - money laundering, in violation of 18 U.S.C. § 1956; (4) Count 62 - possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841; and (5) Count 63 - travel in interstate commerce with the intent to facilitate distribution of cocaine, in violation of 18 U.S.C. § 1952. Fassler later agreed to plead guilty to Counts 1, 60, 61, and 62 of the indictment and the government agreed to dismiss the remaining counts. The parties also agreed on a recommended sentence of 135 months' imprisonment. Additionally, the plea agreement contained a waiver of Fassler's right to appeal, which stated:

> Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it represents a sentence higher than 135 months. Nothing in this paragraph shall act as a bar to the defendant's perfecting any legal remedies he may otherwise have on appeal or collateral attack pertaining to claims of ineffective assistance of counsel or prosecutorial misconduct.

At his change of plea hearing, Fassler stated that he was not under the influence of any drugs or alcohol and that he had not received any alcohol, drug, or mental health treatment in the last five years. His counsel and the government's counsel both agreed that Fassler was competent to enter his plea. The court fully informed Fassler of the penalties for each of the crimes charged in the indictment, including the maximum amount of fines that could be assessed for each offense. Fassler indicated that he understood the nature of the crimes he was charged with, as well as the penalties for each if convicted of the offenses. Fassler also stated that he had read each paragraph of the plea

agreement and that it accurately reflected his understanding of the agreement made with the government. He specifically acknowledged that he had waived his right to appeal, excepting only those reservations in the agreement for a sentence above 135 months or one exceeding the statutory maximum. Having determined that a factual basis for the plea was provided, the court concluded that Fassler knowingly and voluntarily waived his rights and accepted Fassler's plea of guilty.

At Fassler's sentencing hearing, the court sentenced Fassler to the recommended sentence of 135 months' imprisonment. Although the presentence report ("PSR") stated that it appeared Fassler could not afford to pay a fine, the district court imposed a fine of $5,000 on Count 1 and $3,000 on Count 62. Fassler's counsel objected to imposition of the fines, and noted the PSR's conclusion regarding Fassler's ability to pay. The court responded that it "appear[ed] that [Fassler] has some income that as far as [the court] can tell is going to continue to come in on some royalties or some copyright." It appears that, while not mentioning it specifically by its title, the court was referencing a book that Fassler had written and published in 1992 called *Busted by the Feds*, which continued to provide him with annual income from its sales, such that Fassler would have income while incarcerated and thus had a future ability to pay. Fassler then filed a timely notice of appeal.

## II. ANALYSIS

On appeal, Fassler's counsel filed an *Anders* brief and a motion to withdraw as appellate counsel. In the *Anders* brief, counsel asserts that, after an "exhaustive review" of the record, there are no meritorious issues for appeal, though counsel does raise the issue of whether the court erred when it imposed an $8,000 fine, despite the PSR's conclusion that Fassler did not appear to have an ability to pay. Counsel also states that regardless of the merit of any claims, Fassler waived his right

to pursue a direct appeal in his "validly executed binding plea agreement." Fassler sought and was granted an extension of time in which to file a supplemental pro se brief, however, he ultimately did not file a pro se brief. The government also did not file a brief, but explained in a letter that it agreed with Fassler's counsel that "Fassler was subject to a knowing and voluntary plea agreement wherein he waived his right to appeal his conviction and sentence to the extent that the sentence did not exceed the statutory maximum."

We review de novo the question of whether a defendant waived his rights in a valid plea agreement. *United States v. Carey*, 602 F.3d 738, 739 (6th Cir. 2010). "'It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming,* 239 F.3d 761, 763–64 (6th Cir. 2001)). However, "[f]or a plea agreement to be constitutionally valid, a defendant must have entered into the agreement knowingly and voluntarily." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). If the agreement is valid, we are "bound by that agreement and will not review the sentence except in limited circumstances." *Id.* (internal quotation marks omitted).

Fassler's plea agreement provided that he "expressly waiv[ed]" his appellate rights, "except as reserved below." The plea agreement then reserved only Fassler's right to appeal "any punishment in excess of the statutory maximum" and "any punishment to the extent it represents a sentence higher than 135 months."[1] At his plea hearing, the court complied with Federal Rule of

---

[1]It also stated that the agreement was no bar to Fassler's right to raise claims of ineffective assistance of counsel or prosecutorial misconduct, neither of which are at issue here.

Criminal Procedure 11(b) and ensured that Fassler understood and was fully informed about the terms of the plea agreement, including the appellate waiver. Fassler's counsel and counsel for the government both stated that Fassler was competent to enter his plea, and the court concluded that Fassler was entering his plea knowingly and voluntarily. Fassler has not submitted a pro se brief and there is no argument before the court that the waiver was not knowingly or voluntarily made, nor does our review of the record demonstrate any support for such an argument. Thus, we conclude that the appellate waiver is valid. Moreover, because the fines imposed were well below the statutory maximum, the exception does not apply and we need not consider the claim raised by Fassler's counsel in the *Anders* brief. Additionally, review of the record demonstrates that there are no other non-frivolous issues for appeal that fall within the exceptions to Fassler's appellate waiver.

## III. CONCLUSION

For the reasons stated above, we grant counsel's motion to withdraw and DISMISS Fassler's appeal.