**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   02-10662 |
| Plaintiff-Appellee, | D.C. No. CR-71-00422-DCB |
| v. | |
| JOHN MERRILL HALL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

John Merrill Hall appeals from the district court's orders denying his motion for expunction of his criminal record and his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).  Appellant's request for oral argument is denied.

Hall argues that the court should have granted his motions because expungement is in the interests of justice. He contends that his criminal record could disrupt his personal and business relationships, and impede him from running for public office. We review de novo. *See United States v. Hovsepian*, 359 F.3d 1144, 1158 (9th Cir. 2004) (en banc).

Hall's argument fails because a district court does not have jurisdiction to expunge a criminal record based solely on equitable considerations. *See United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). While a court may expunge the record of an unlawful arrest or conviction, *see id.*, Hall has not made a showing of either here. His suggestion that there was insufficient evidence to arrest or convict him absent the illegally intercepted calls is not supported by the record, which he concedes is silent on that question. In any event, even if Hall could show that his arrest or conviction were unlawful, the district court did not err in denying his motion. Although Hall's motion was filed 27 years after the indictment against him was dismissed, he was unable to identify any adverse effects from his criminal record during that period. These circumstances do not warrant the "extraordinary remedy" of expungement. *See United States v. Crowell*, 374 F.3d 790, 796 (9th Cir. 2004).

**AFFIRMED.**

02-10662