NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0240n.06

No. 20-3596

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| VALUELAND AUTO SALES, INC.; RON | ) | OHIO |
| BENIT, | ) | |
| | ) | **OPINION** |
| **Defendants-Appellants.** | ) | |
| | ) | |

FILED
May 13, 2021
DEBORAH S. HUNT, Clerk

BEFORE: COLE, BUSH, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** In June 2013, a federal grand jury indicted Valueland Auto Sales, Inc. and Ron Benit (collectively, "Defendants") for structuring cash deposits. Structuring is the practice of spreading cash deposits across many banks in amounts small enough that the banks do not have to report the deposits to regulators. Organized crime commonly engages in structuring, and Congress has outlawed the practice. Defendants have steadfastly denied any wrongdoing.

The resulting investigation into Benit and Valueland uncovered no evidence of criminal conduct, so the Government moved to drop the charges. The district court granted those motions, dismissed the charges, and closed the case.

This vindication came too late for the investigation's targets. Since the indictment, Valueland has laid off more than half its workforce and has had only one profitable year. The

dealership lost almost three quarters of its value in the three years following the indictment. Major banks closed Valueland's business and credit accounts, and, without access to the credit it had enjoyed pre-indictment, Valueland has been able to offer only around one-sixth of the inventory it used to. Benit has also felt the impact personally. The brokerage holding his retirement savings required him to close his account. So he moved his savings to a second institution, which quickly notified him that it intended to close his new account. This happened again at a third company. Each time he has had to liquidate his retirement accounts, Benit has been assessed a pre-retirement withdrawal tax.

Understandably frustrated by all of this, Defendants moved the district court to expunge the dropped charges and associated indictment from the government's records. Their motion appealed exclusively to the equities in their case, and not to any constitutional or statutory basis. The district court, citing our precedents, dismissed the motion for a lack of jurisdiction. Defendants appealed. We **AFFIRM**.

Two of our precedents—*Lucido* and *Field*—resolve this case. In *United States v. Lucido*, we held "that the federal courts lack ancillary jurisdiction to consider expungement motions directed to the executive branch." 612 F.3d 871, 875 (6th Cir. 2010). *Lucido*'s facts are instructive. The defendant there was acquitted twice in two different criminal trials. *Id.* at 872–73. Fifteen years after the second acquittal, he filed a motion for expungement in the district court. *Id.* at 873. His motion raised only equitable considerations, and he complained of harm to his business and reputation. *See id.* We held that the district court lacked jurisdiction to consider the motion. *Id.* at 875.

*United States v. Field* bolsters *Lucido* in two important ways. First, it affirmed *Lucido* as the law of our circuit. 756 F.3d 911, 915 (6th Cir. 2014). And second, *Field* further acknowledged

our lack of jurisdiction over "motions for expungement based on purely equitable considerations." *Id.* at 916. The district court correctly applied these precedents below, dismissing Defendant's petition for a lack for jurisdiction. (*See* R.178, Order Den. Mot. to Expunge, at PID#1550 ("[T]he undersigned is convinced that Sixth Circuit precedent prevents him from granting Defendant's motion to expunge, which is based on purely equitable grounds.").)

These same precedents bind us on appeal. Defendants' attempt to get around *Lucido* is unpersuasive. They argue that an older case, *United States v. Carey*, controls here. 602 F.3d 738 (6th Cir. 2010). In *Carey*, we reviewed a district court's denial of a motion to expunge premised solely on equitable considerations. *Id.* at 739–40. But *Lucido* explained why the unreasoned exercise of jurisdiction in *Carey* was not the law of the circuit. *Lucido*, 612 F.3d at 876–77. And *Field* confirmed that *Lucido*—not *Carey*—is precedential. *Field*, 756 F.3d at 916–17. As we explained above, *Lucido* mirrors our facts in every important way, so it resolves this case.

Last, we observe that at least seven of our sister circuits have reached this same conclusion: district courts don't have jurisdiction over motions for expungement premised solely on equitable considerations. *See United States v. Happel*, 770 F. App'x 147, 148 (4th Cir. 2019) (per curiam); *United States v. Adalikwu*, 757 F. App'x 909, 911–12 (11th Cir. 2018) (per curiam); *United States v. Wahi*, 850 F.3d 296, 302–03 (7th Cir. 2017); *United States v. Meyer*, 439 F.3d 855, 859–60 (8th Cir. 2006); *United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *United States v. Dunegan*, 251 F.3d 477, 479–80 (3d Cir. 2001); *United States v. Sumner*, 226 F.3d 1005, 1012–15 (9th Cir. 2000).

We **AFFIRM**.