NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0144n.06

Case No. 24-1163

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 18, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN AT DETROIT |
| EDDIE LEE NAILOR, III, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: BOGGS, SILER, and KETHLEDGE, Circuit Judges.

**SILER, Circuit Judge.** Defendant Eddie Nailor appeals his conviction under 18 U.S.C. § 922(g)(1) for possession of a firearm as a felon. Specifically, Nailor argues that the statute of conviction is unconstitutional on its face and as applied. We **AFFIRM**.

## I. Background

Before the instant conviction, Nailor garnered a substantial state criminal record. At age 19, Nailor pled guilty to possession of marijuana or synthetic equivalents. Two years later, Nailor pled guilty by *nolo contendere* to armed robbery. During that offense, Nailor's accomplice pointed a firearm at the victim's head before taking his belongings. Subsequently, Nailor committed the following crimes: (1) allowing an unlicensed person to operate a motor vehicle, (2) carrying concealed weapons, (3) firearm possession by a felon, (4), possession of ammunition by a felon, and (5) disorderly person jostling.

Then, in December 2022, Nailor committed the offense at issue here. As relevant, restaurant employees told police that a vehicle had entered the restaurant's drive through with a

gun in plain sight. The driver also had a bottle of alcohol between his legs. A short time later, police officers spotted the vehicle and conducted a traffic stop.

Upon approaching the vehicle, an officer observed Nailor behind the wheel. When asked, Nailor denied having a weapon and refused to exit the vehicle. The woman in the passenger's seat then began shouting; both occupants refused to provide identification.

Eventually, backup arrived at the scene and approached the passenger's side of the vehicle. After the woman exited the vehicle, an officer spotted a firearm under the passenger's seat. The officer yelled, "[G]un!" One of the officers then grabbed Nailor and attempted to pull him from the vehicle, but Nailor resisted. Despite Nailor's resistance, the officer extracted him from the vehicle.

Law enforcement identified the firearm as a Sig Sauer 9mm semi-automatic pistol and found 12 rounds in the magazine. The officers also discovered a large amount of marijuana in the console area of the vehicle.

Following the incident, the government indicted Nailor on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Pretrial, Nailor filed a motion to dismiss the complaint. At a hearing on the motion, Nailor's counsel stated that "we do emphasize that this is an as applied challenge[]" to "18 U.S.C. 922(g)(1)." In response, the government stated that Nailor had only briefed a facial challenge. But Nailor represented that his original brief had clearly asserted an as-applied challenge: "The phrase 'as applied' . . . appears at least three or four times in our briefing. So it was clear that we were making an 'as applied' challenge." And Nailor had already attempted to correct the government's misunderstanding in his reply brief: "The government's response . . . incorrectly

states that Mr. Nailor is making a facial challenge to . . . 18 U.S.C. 922 (g)(1)." Upon hearing the arguments, the court ordered supplemental briefing to address Nailor's as-applied claim.

After supplemental briefing, the district court denied Nailor's motion to dismiss. In its order, the district court analyzed Nailor's claim under *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010), and found that Nailor's as-applied challenge failed.[1]

Subsequently, Nailor pled guilty without a plea agreement to the indicted offense. The district court imposed a sentence of 37 months.[2]

## II. Standard of Review

This court reviews de novo the denial of a motion challenging the constitutionality of a federal statute. *United States v. Goins*, 118 F.4th 794, 797 (6th Cir. 2024).

## III. Discussion

### A. Nailor's facial challenge to 18 U.S.C. § 922(g)(1)

On appeal, Nailor first contends that § 922(g)(1) is overbroad and vague. In response, the government argues that Nailor's facial claim is reviewed for plain error and that binding Sixth Circuit precedent forecloses all facial challenges to § 922(g)(1).

At the motion-to-dismiss hearing, the parties disagreed whether Nailor had raised a facial or as-applied challenge to § 922(g)(1). Because of the disagreement, the district court directed both parties to supplement the original briefing to focus on the as-applied claim.

Despite the initial confusion, the record shows that Nailor never raised a facial challenge in the district court. Nailor used the words "as applied" throughout the briefing process and during

---

[1] After the judgment in Nailor's case, this court issued its opinion in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), where it mandated a new test for as-applied challenges to § 922(g)(1).

[2] At sentencing, Nailor and his counsel affirmed that they did not have any "objections, additions, corrections or deletions" to the presentence report.

the motion-to-dismiss hearing. Related, Nailor never used the word "facial" in reference to § 922(g)(1), and in his reply brief, Nailor disputed the government's position that he was making a facial challenge. So, Nailor consistently raised only one claim, the as-applied claim.

Because Nailor now makes a facial challenge to 18 U.S.C. § 922(g)(1)—a challenge he did not raise in the district court—plain-error review applies. Fed. R. Crim. P. 52(b); *see United States v. Miller*, 734 F.3d 530, 536 (6th Cir. 2013). Under that standard, we may reverse "only if there is (1) an error (2) that is plain, (3) that affected the party's substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Henry*, 797 F.3d 371, 374 (6th Cir. 2015) (quotation omitted).

Although Nailor attempts to further his facial claim, he has not addressed the plain-error factors. And he cannot satisfy those factors. The reason is simple: In a binding opinion, this court addressed facial challenges to § 922(g)(1) and found that this provision is "constitutional on its face." *United States v. Williams*, 113 F.4th 637, 662 (6th Cir. 2024). Since *Williams*, we have rejected facial challenges identical to the one raised by Nailor because "we are in no position to second-guess binding precedent." *United States v. Williams*, No. 24-1244, 2025 WL 1089531, at *2 (6th Cir. Apr. 11, 2025). Therefore, because binding precedent has foreclosed all facial claims against § 922(g)(1), Nailor's facial claim fails.

**B.      Nailor's as-applied challenge to § 922(g)(1)**

For the as-applied challenge, Nailor spends most of his time criticizing this court's decision in *Williams*.[3] 113 F.4th at 662. Beyond this criticism, Nailor argues that he is not dangerous. The government argues the contrary based on Nailor's criminal history.

---

[3] This court is bound by *Williams* unless an inconsistent decision of the Supreme Court requires modification of the decision, or the Sixth Circuit sitting en banc overrules *Williams*. *See United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014).

The Second Amendment provides that "the right of the people to keep and bear Arms . . . shall not be infringed." U.S. Const. amend. II. Despite that unqualified language, "the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). Laws consistent with public-safety principles underpinning the Nation's tradition of firearm regulation remain constitutional. *United States v. Rahimi*, 602 U.S. 680, 692 (2024).

Explaining what laws are consistent with our Nation's tradition of firearm regulation, this court held in *Williams* that the government may constitutionally apply § 922(g)(1) to "dangerous" felons. 113 F.4th at 657–58. Dangerousness turns on a defendant's "specific characteristics" and "entire criminal record." *Id.* at 657. Further, *Williams* stated that certain crimes, such as robbery, would be "at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.* at 658. Throughout the dangerousness inquiry, the burden rests on the defendant. *Id.* at 662. To prevail, Nailor thus must "show he's not dangerous." *Id.*

Applying *Williams* here, Nailor's criminal record, the circumstances of his offenses, and the nature of the instant offense all suggest that he is dangerous. *Williams* stated that a robbery conviction would make it very difficult for defendants to "overcome the presumption that they are dangerous." 113 F.4th at 658. And Nailor pled *nolo contendere* to a charge of armed robbery after he and another robbed a victim at gunpoint. Subsequently, Nailor committed a series of other crimes: allowing an unlicensed person to drive, carrying concealed weapons, firearm possession as a felon, ammunition possession as a felon, and disorderly person jostling. On their own, these later crimes do not necessarily establish Nailor's dangerousness. But these "crimes must be viewed in the context of someone who ha[s] already proven himself to be violent." *United States v. Robinson*, No. 24-1469, 2025 WL 2105111, at *2 (6th Cir. July 28, 2025). Stated differently, Nailor's later criminal activity shows a lack of reform.

5

Furthermore, the circumstances of his offenses, especially the instant offense, confirm that Nailor is dangerous within the meaning of *Williams*. Nailor possessed a gun while driving with a bottle of alcohol between his legs and had a substantial quantity of marijuana in the center console. Such activity establishes that he is dangerous—particularly since he was on probation when he engaged in this conduct. *United States v. Oravets*, No. 24-3817, 2025 WL 2682632, *2 (6th Cir. Sept. 19, 2025) (stating that violating § 922(g)(1) while on probation is an "independent ground" for disarming a defendant).

To overcome the evidence of dangerousness, Nailor first notes that his marijuana-possession charge does not indicate dangerousness because marijuana possession is now permitted in Michigan. Nailor next emphasizes that he did not admit guilt for the armed robbery conviction because he pled *nolo contendere* to the charge and that he was young when he committed the offense. For his remaining criminal history, Nailor argues that these crimes are insignificant. Finally, Nailor states that this court should not consider the facts of the instant conviction.

Nailor has not overcome the evidence that he is dangerous. For one, this court need not consider Nailor's possession-of-marijuana conviction; his armed-robbery conviction is far more serious and sufficient to show dangerousness. *See Williams*, 113 F.4th at 658. And Nailor's emphasis that he did not admit guilt because he pled *nolo contendere* to the armed robbery is unconvincing. *Williams* did not limit courts to considering only guilty pleas and verdicts. *See id.* at 658 n.12. Additionally, "we are not confined to the fact of conviction alone[] but may consider how an offense was committed." *United States v. Morton*, 123 F.4th 492, 499 (6th Cir. 2024). On this point, the facts of the armed robbery—as recounted in the uncontested presentence report— show that Nailor participated in robbing a person at gunpoint. This is patently dangerous.

Nailor's argument that he was young when he committed armed robbery also proves little. Again, Nailor's later criminal conduct, particularly the instant offense, shows that he has not changed since early adulthood. Furthermore, Nailor's assertion that this court may not consider the circumstances of the instant offense is simply untrue. *See Morton*, 123 F.4th at 499. So, Nailor has not overcome the evidence that he is dangerous, and his as-applied claim must therefore fail.

## C.    Nailor's request for remand

Despite the weight of his criminal history, Nailor asks that we remand on the motion to dismiss so that the district court can apply *Williams*. But "in cases where the district court rejected a defendant's as-applied challenge to § 922(g)(1) prior to *Williams*, we have repeatedly found that remand is unnecessary if the evidence in the record shows that the defendant is dangerous." *United States v. White*, No. 24-2064, 2025 WL 2060869, at *3 (6th Cir. July 23, 2025) (collecting cases). The record here confirms that Nailor is dangerous, so we deny Nailor's request for remand.

## IV.    Conclusion

For the above reasons, we **AFFIRM** the judgment of the district court.