**NOT RECOMMENDED FOR PUBLICATION**
File Name: 06a0716n.06
Filed: October 4, 2006

**No. 05-6015**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HOUSTON WILSON, Jr., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ELLIOTT COUNTY, KENTUCKY, CHARLES | ) | KENTUCKY |
| PENNINGTON, Individually and as Elliott County | ) | |
| Judge Executive, and ISHMEL FANNIN. | ) | |
| Individually and as Elliott County Road Foreman, | ) | |
| | | |
| Defendants-Appellees. | | |

---

Before: SILER and ROGERS, Circuit Judges; JORDAN, District Judge.[*]

**PER CURIAM**. Plaintiff Houston Wilson, Jr., appeals the grant of summary judgment dismissing his claims under 42 U.S.C. § 1983 against Defendants in their official and individual capacities on the basis of sovereign immunity. Because Wilson failed to utilize Kentucky's reverse condemnation procedures or demonstrate that they were inadequate or nonexistent, his claims for unlawful taking of property without just compensation are not ripe for federal court review and we therefore affirm their dismissal without prejudice under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 191-95 (1985). Because local

---

[*] The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

governments are not immune from federal suit under 42 U.S.C. § 1983, we reverse the district court as to the liability of the County and its officers in their official capacities, and we affirm the dismissal of the case against the defendants in their individual capacities.

## I.

Wilson owned a tract of land in Elliott County, but he never lived on the property or made any substantial improvements to it. In March 2000, individual Defendants Charles Pennington, as Elliott County Judge Executive, and Ishmel Fannin, as Elliott County Road Foreman, entered onto the land for the purpose of maintaining a county road and in the process cleared rocks and generally altered the grounds and character of that part of the property. When Wilson attempted to enclose and gate the area in order to protect his property, Defendants tore down the gate and took whatever locks and chains had been used to secure it.

In October 2000, Defendants instituted criminal proceedings against Wilson for obstructing the development of the road under Ky. Rev. Stat. § 525.140, "Obstructing a Highway or Other Public Passage." Wilson later filed a declaratory judgment action in Elliott Circuit Court seeking a determination of his rights and injunctive relief concerning the road.

The Kentucky circuit court found for Wilson, holding that the road did not cross his property, but, rather, it ran along the boundary of the property. Furthermore, the court found that although a road previously maintained by the County could become a County road, no road had been maintained by the County within the statutory period under KY. REV. STAT. § 178.116, and that there were no easements or covenants running with the land. The County voluntarily dismissed the criminal action.

Wilson instituted the present action in the district court in 2004. Therein, he alleged a violation of his Fourth Amendment rights for the warrantless taking of his personal property (Count I) and a violation of his Fourth and Fifth Amendment rights for the taking of his real property without due process and without just compensation (Counts II and III) under 42 U.S.C. § 1983. The remainder of the counts were state law claims.

The district court dismissed the federal claims on the basis that all Defendants were protected by absolute and qualified sovereign immunity and dismissed the state claims without prejudice. Wilson appealed on the bases that the district court erred in prohibiting him from deposing the circuit judge, and that immunity was incorrectly found. Defendants contend that even if the district court was incorrect to dismiss the actions on sovereign immunity, Counts II and III were not ripe.

**II.**

**A.**

We address first Defendants' ripeness challenge. In order to have federal standing, a plaintiff alleging a taking without just compensation must first exhaust state procedures for obtaining compensation, or demonstrate that no "reasonable, certain and adequate procedure" exists for doing so. *See Williamson*, 473 U.S. at 191-95 ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."). Wilson did not exhaust his state remedies and does not argue that Kentucky lacks a reasonable and adequate procedure for obtaining just compensation. Therefore, we affirm the dismissal, without prejudice, of Counts II and III.

**B.**

Wilson contends that, during the discovery process, he should have been allowed to take the deposition of the circuit judge in order to clarify the impact of the declaratory order on the instant case. The judge's testimony is irrelevant because it has no bearing on any of the issues raised. The order speaks for itself, and, in any event, it and the findings were issued after any of the alleged actions by the Defendants occurred. Thus, Wilson fails to prove any abuse of discretion on the part of the district court for refusing to allow the deposition.

**C.**

Defendants claim they are protected by sovereign immunity. We review questions of immunity *de novo*. *See Sample v. Bailey*, 409 F.3d 689, 695 (6th Cir. 2005).

*1.        Sovereign Immunity for Elliott County*

We treat the individual defendants in their official capacities and Elliott County as one in the same. *See Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). The district court dismissed the federal claims against Elliott County on the basis that "county governments are cloaked in sovereign immunity." *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003). While Elliott County may be immune from suit under Kentucky law, it is not thereby immune from federal suits. "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law." *Martinez v. California*, 444 U.S. 277, 284 (1980). The Supreme Court has "repeatedly refused to extend sovereign immunity to counties" even where "such entities exercise a 'slice of state power.'" *Northern Ins. Co., v. Chatham County,* 126 S.Ct. 1689, 1693 (2006) (citations omitted). Elliott County makes no argument that it is immune

under any of the exceptions to the above rule. Therefore, we reverse the district court as to Elliott County and as to Pennington and Fannin in their official capacities.

### 2. *Qualified Immunity for Individual Defendants*

The district court held that Fannin and Pennington were entitled to qualified immunity in their individual capacities because they "had credible, good faith reasons to believe that the road in question did, indeed, belong to the county and that, thus, they were charged with the maintenance of same . . . ." To evaluate qualified immunity, a court must follow the sequential analysis prescribed in *Saucier v. Katz*, 533 U.S. 194, 201-203 (2001). The threshold question is whether, "[t]aken in the light most favorable to the party asserting the injury, [] the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 20. Then, "if a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established." *Id.*

Here, Wilson has failed to prove that Pennington and Fannin were not protected by qualified immunity. *See Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006) ("Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity."). There is little debate that what Wilson alleges was a violation of his Fourth Amendment right against warrantless seizures. However, a right is not "clearly established" merely by virtue of its having been stated in the abstract. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Rather, the inquiry must take into account the applicable context and whether "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier*, 533 U.S. at 202. Wilson failed to offer any

evidence suggesting that it was objectively unreasonable to believe that there was a county road through Wilson's property and that it was their official responsibility to maintain it. In fact, the Defendants' belief was supported by documentation and affidavits by a postal worker and a deputy sheriff. Wilson offers evidence from a surveyor and an affidavit from another person that a road used to run along the boundary of Wilson's property. Neither is relevant to whether Pennington and Fannin reasonably believed there was a road through Wilson's property. Under these circumstances, Wilson's right to have his gate on that part of the land was murky at best, and we cannot conclude that Fannin and Pennington acted unreasonably.

### III.

For the forgoing reasons, we affirm the district court's dismissal of Counts II and III; however, we do so on alternate grounds of lack of ripeness and we hold that dismissal should be without prejudice. We affirm that Pennington and Fannin have qualified immunity individually, but we reverse and remand for further proceedings against Elliott County and Pennington and Fannin in their official capacities.

AFFIRMED in part and REVERSED and REMANDED in part.